**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

DREW HARDY, Case No. 2:26-cv-14133-DSL
*individually and on behalf of all those similarly situated,*

**Plaintiff,**

v.

NRA GROUP, LLC D/B/A NATIONAL RECOVERY AGENCY,

**Defendant.**

________________________________________/

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Drew Hardy ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Defendant NRA Group, LLC d/b/a National Recovery Agency ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Martin County, Florida.

3. Venue of this action is proper in this Court because the cause of action alleged below arose in Martin County, Florida.

## PARTIES

4. Plaintiff is a natural person and a citizen of the State of Florida, residing in Martin County, Florida.


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

5. Defendant is a Pennsylvania limited liability company with its principal place of business located in Harrisburg, Pennsylvania.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

### Background

7. On or about November 18, 2025, Defendant attempted to collect a debt from Plaintiff (the "Consumer Debt").

8. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

9. The Subject Service was primarily for personal, family, or household purposes.

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

### The Unlawful Communications

13. On or about November 18, 2025, Defendant attempted to collect the Consumer Debt from Plaintiff by sending Plaintiff a collection communication (the "Collection Communication").

14. A screenshot of the Collection Communication is attached below.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com




15. The Collection Communication was a communication in connection with the collection of the Consumer Debt.

16. The Collection Communication was sent by Defendant and delivered to Plaintiff's cell phone.

17. The Collection Communication advised: "Please see the attached image to see discounted options available to you National Recovery Agency-debt collector, attempting to collect a debt."

18. Upon information and belief, and as confirmed by the above screenshot, Defendant sent the Collection Communication to Plaintiff at 9:49 pm in Plaintiff's time zone.

19. The Collection Communication was delivered to Plaintiff at 9:49 pm in Plaintiff's time zone.

20. Additionally, on or about November 25, 2025, Defendant sent a collection communication to Plaintiff at 1:01 am in Plaintiff's time zone (the "Second Collection Communication").

21. A screenshot of the Second Collection Communication is attached below.


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com




22. Defendant sent Plaintiff at least two collection communications between the hours of 9pm and 8am.

23. As evidenced by the above screenshots, Defendant sent Plaintiff collection communications via text messages.


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

24. Plaintiff did not consent to receiving collection communications between the hours of 9pm and 8am.

25. By sending unwanted collection communications between the hours of 9pm and 8am, Defendant caused Plaintiff to suffer concrete harm, including, but not limited to:

(a) Lost time tending to the unwanted late-night collection communications;

(b) Intrusion into the peace and quiet in a realm that is private and personal to Plaintiff;

(c) Invasion of privacy; and

(d) Nuisance.

26. Defendant caused Plaintiff to suffer actual injury that is sufficient for Article III standing purposes. *See Drazen v. Pinto*, 74 F.4th 1336, 1345 (11th Cir. 2023) ("[W]e hold that the harm associated with an unwanted text message shares a close relationship with the harm underlying the tort of intrusion upon seclusion. Both harms represent "an intrusion into peace and quiet in a realm that is private and personal." For that reason, the harms are similar in kind, and the receipt of an unwanted text message causes a concrete injury.") (internal citations omitted).

## CLASS ALLEGATIONS

27. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below-defined Class.

### PROPOSED CLASS

28. The **"Class"** consists of [1] all consumers with United States addresses [2] that were sent a collection communication [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twelve (12) months preceding the filing of this First Amended Class Action Complaint [6] whereby said collection communication was



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

delivered after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location.

29. Defendant and its employees or agents are excluded from the Class.

30. Plaintiff does not know the number of members in the Class but believes the members of the Class to be in the several thousands, if not more.

## NUMEROSITY

31. Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout the United States before 8 o'clock antemeridian and after 9 o'clock post meridian. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

32. The exact number and identities of members of the Class are unknown at this time and can be ascertained only through discovery. Identification of each member of the Class is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

33. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: **[1]** Whether Defendant sent a collection communication to Plaintiff and members of the Class in an attempt to collect a debt; **[2]** Whether Defendant is a debt collector; **[3]** Whether Defendant, by and through said collection communications, violated the FDCPA; **[4]** Whether Defendant is liable for damages, and the amount of such damages; and **[5]** Whether Defendant should be enjoined from such conduct in the future.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

34. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely sends debt collection communications to consumers that violate the FDCPA are accurate, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

35. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

36. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

37. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation.

38. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(a)(1)**
***(For Plaintiff and the Class)***

39. Plaintiff, individually and on behalf of the Class, incorporates by reference paragraphs 1-38 of this First Amended Class Action Complaint as though fully stated herein.

40. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, "without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction," to "communicate with a consumer in connection with the collection of any debt . . . at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. ***In the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location***." 15 U.S.C. § 1692c(a)(1) (emphasis added).

41. As set forth above, Defendant sent electronic communications to Plaintiff in connection with the collection of the Consumer Debt.

42. Defendant sent the Collection Communication to Plaintiff at 9:49pm in Plaintiff's time zone. Defendant did not have the consent of Plaintiff to communicate with Plaintiff at 9:49pm.

43. Additionally, Defendant sent the Second Collection Communication to Plaintiff at 1:01am in Plaintiff's time zone. Defendant did not have the consent of Plaintiff to communicate with Plaintiff at 1:01am.


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

44. As such, by and through the Collection Communication and the Second Collection Communication, Defendant violated § 1692c(a)(1) of the FDCPA.

## PRAYER FOR RELIEF

45. WHEREFORE, Plaintiff, on behalf of themselves and members of the Class, respectfully requests this Court to enter a judgment against Defendant, awarding the following relief:

(a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

(b) Statutory damages as provided by 15 U.S.C. §1692k;

(c) An order declaring that Defendant's actions, as set out above, violate 15 U.S.C. § 1692c(a)(1);

(d) An injunction requiring Defendant to comply with 15 U.S.C. § 1692c(a)(1) with respect to the Plaintiff and the Class;

(e) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(f) Any other relief that this Court deems appropriate under the circumstances.

DATED: August 13, 2026

Respectfully Submitted,

/s/ Samuel J. Awad
**SAMUEL J. AWAD, ESQ.**
Florida Bar No.: 1058426
E-mail: samuel@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: Zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*



**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com